UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LORRAINE DEBRA RILEY,               )
                                    )
        Appellant,                  )
                                    )
    v.                              )    Civil Action No. 18-0605 (PLF)
                                    )
CAPITOL PARK II CONDOMINIUM         )
   ASSOCIATION, INC.,               )
                                    )
        Appellee.                   )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of appellee Capitol Park II Condominium Association, Inc. to dismiss this appeal from the Bankruptcy Court for lack of jurisdiction [Dkt. No. 3]. Appellant Lorraine Debra Riley has filed an opposition to the motion [Dkt. No. 4]. Upon careful consideration of the papers filed by the parties, the relevant opinions and orders of Bankruptcy Judge Martin Teel, the relevant legal authorities, and the entire record in this case, the Court will grant the motion and dismiss the appeal.[1]

---

[1] The following filings are especially relevant to resolving this matter: Appellee's Motion to Dismiss for Lack of jurisdiction ("Mot.") [Dkt. No. 3]; Appellant's Response in Opposition to Motion to Dismiss ("Opp'n) [Dkt. No. 4]; Appellant's Brief on the Merits ("Appellant Br.") [Dkt. No. 7]; Appellee's Brief on the Merits ("Appellee Br.") [Dkt. No. 9]; and various orders, opinions, and filings from the docket of the Bankruptcy Court, including Dkt. Nos. 139, 144, 157, 166, 174, 175, 180, 185, 186, 192, 193, 203, and 204 (e.g., "Bankr. Ct. Dkt. No. 192").

I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves the purchase by appellant Lorraine Debra Riley of a condominium in a building within appellee Capitol Park II Condominium Association, Inc. ("Capitol Park"), and Ms. Riley's subsequent filing for bankruptcy in the United States Bankruptcy Court for the District of Columbia (first under Chapter 7 of the Bankruptcy Code and later under Chapter 13). Orders issued by Bankruptcy Judge Martin Teel required Ms. Riley to sell the condominium, with the sale to be approved by the Bankruptcy Court after it determined the amount of Capitol Park's claim against the property. See Bankr. Ct. Dkt. Nos. 139, 144, 157, and 166. Capitol Park agreed that the property could be sold free and clear of any liens it had on the property, on the condition that $120,000 of the proceeds be placed in escrow to accommodate its liens. On October 16, 2017, Ms. Riley requested the Court's approval for the sale of her condominium. Bankr. Ct. Dkt. No. 157. The Bankruptcy Court entered an order on October 31, 2017, approving the sale of the property on certain conditions. See Bankr. Ct. Dkt. No. 166. Judge Teel specifically ordered that "$120,000 be placed in escrow with Capitol Park's liens attaching to that $120,000" and that "the sale of the property shall be free and clear of Capitol Park's liens." See id. at 2. Ultimately, the property was sold for $625,000 on November 20, 2017, whereupon $120,000 was placed in escrow with Capitol Park's liens against the property attached to the escrow proceeds. After the sale, Ms. Riley filed a motion to amend her earlier motion to approve the sale of the property. See Bankr. Ct. Dkt. No. 174. The amended motion advanced new arguments about Ms. Riley's obligations to Capitol Park: She argued that

Capitol Park had failed to comply with a particular provision of the District of Columbia Code, D.C. Code § 42-1903.13(h). See Bankr. Ct. Dkt. No. 175.[2]

With this brief background, the Court now turns to the facts that are most relevant to the present motion. On January 16, 2018, before Judge Teel had ruled on Ms. Riley's motion to amend, Capitol Park filed a motion for summary judgment in the Bankruptcy Court. See Bankr. Ct. Dkt. No. 180. Ms. Riley filed an opposition, see Bankr. Ct. Dkt. No. 185, and Capitol Park filed a reply, see Bankr. Ct. Dkt. No. 186. Ms. Riley's primary argument was that Capitol Park's claim was unsecured because Capitol Park had failed to provide the recordable statement required by D.C. Code § 42-1903.13(h). On February 20, 2018, Bankruptcy Judge Teel heard argument on Capitol Park's summary judgment motion and granted the motion by order of that same date. See Bankr. Ct. Dkt. No. 193. He also issued a Memorandum Decision explaining his reasoning. Bankr. Ct. Dkt. No. 192. Judge Teel noted that Ms. Riley had raised a single argument in opposition to Capitol Park's motion for summary judgment, contending that Capitol

---

[2] Section 42-1903.13(h) provides as follows:

> Any unit owner or purchaser of a condominium unit shall be entitled upon request to a recordable statement setting forth the amount of unpaid assessments currently levied against that unit. Such request shall be in writing, directed to the principal officer of the unit owners' association or to such other officer as the condominium instruments may specify. Failure to furnish or make available such a statement within 10 days from the receipt of such request shall extinguish the lien created by subsection (a) of this section as to the condominium unit involved. Such statement shall be binding on the unit owners' association, the executive board, and every unit owner. Payment of a reasonable fee may be required as a prerequisite to the issuance of such a statement if the condominium instruments so provide.

Park's claim was unsecured because it had failed to comply with D.C. Code § 42-1903.13(h), and its liens therefore had been extinguished. See Bankr. Ct. Dkt. No. 192 at 1. In response, Capitol Park said it had sent the notice required by the statute, but – more importantly – also argued that Judge Teel's order of October 31, 2017, by which he had approved the sale of the property on certain conditions, had removed the liens from the condominium unit. See Bankr. Ct. Dkt. No. 186 at 3.

In granting summary judgment for Capitol Park, Judge Teel found the following undisputed facts: that Capitol Park would have had until the end of November 20, 2017 to provide the recordable statement if the request that Capitol Park received did constitute a request under Section 42-1903.13(h),[3] that the property had been sold before the end of November 20, 2017 pursuant to court order, that the lien had been attached to $120,000 of the proceeds of the sale, and that the lien no longer was attached to the condominium unit at the end of November 20, 2017. See Bankr. Ct. Dkt. No. 192 at 2. Because Capitol Park no longer held a lien on the condominium unit at the time by which a recordable statement under Section 42-1903.13(h) would have been due, no lien on the unit could be extinguished as a result of any failure by Capitol Park to comply with the statute. See id. at 2. Capitol Park was entitled to judgment as a matter of law, and Judge Teel ordered that Capitol Park immediately be paid the total balance it was owed from the escrowed funds. See Bankr. Ct. Dkt. No. 193 at 2. Furthermore, he specifically held that "this directive is not stayed." Id.

---

[3] The ten-day deadline for providing a recordable statement is triggered by "the receipt of such request." D.C. Code § 42-1903.13(h). Capitol Park informed Judge Teel that it received a request for a "revised sale package" on November 10, 2017. See Bankr. Ct. Dkt. No. 180 at 23. See also Bankr. Ct. Dkt. No. 192 at 2.

4

In his order granting summary judgment, Judge Teel nevertheless said that, since a hearing was scheduled for later that month, Capitol Park would be permitted to offer evidence during that hearing to attempt to demonstrate that it had emailed and mailed to Ms. Riley a statement that in fact had met the requirements of D.C. Code § 42-1903.13(h). See Bankr. Ct. Dkt. No. 193 at 2-3. Capitol Park asserted that this evidence would establish an additional and alternative basis for Judge Teel's finding that its claim remained a secured claim.

On March 2, 2018, Judge Teel entered another order [Bankr. Ct. Dkt. No. 203], "clarifying" and emphasizing that his February 20, 2018 order granting summary judgment – and directing that Capitol Park be paid the total balance it was owed from the escrowed funds from the sale of the condominium unit – "is not stayed." See Bankr. Ct. Dkt. No. 203 at 1. He further ordered that:

> without affecting the foregoing, the court reserves the right timely to amend its findings of fact and conclusions of law to determine whether Capitol Park II Condominium Association, Inc. is entitled to the funds on the **additional and alternative ground** (which the debtor disputes) that by November 20, 2017, Capitol Park II Condominium Association, Inc. transmitted a statement to the debtor that met the requirements of D.C. Code § 42-1903.13(h), and thus its claim remained a secured claim prior to the sale of the property on November 20, 2017, <u>but such amendment will not affect the finality of this order with respect to the direction that Capitol Park II Condominium Association, Inc. be paid the total balance of $92,917.06 out of the escrowed funds from the sale of the debtor's condominium unit</u>.

See Bankr. Ct. Dkt. No. 203 at 1-2 (bolded language in original, additional emphasis added).

The scheduled hearings took place on February 28, 2018 and March 2, 2018. Based on the evidence presented and the arguments of counsel, Judge Teel found that his earlier findings and conclusions were also supported on the alternative ground that Capitol Park had complied with D.C. Code § 42-1903.13(h). See March 5, 2018 Memorandum Decision at 2-5

[Bankr. Ct. Dkt. No. 204]. He concluded that Capitol Park's lien was not nullified under D.C. Code § 42-1903.13(h) and that the lien attached to the proceeds of the sale of Ms. Riley's condominium unit rather than to the unit itself. Id. at 5.

On March 16, 2018, Ms. Riley filed a notice of appeal seeking review by this Court of the Bankruptcy Court's order of February 20, 2018, granting summary judgment in favor of Capitol Park, Judge Teel's subsequent order of March 2, 2018, and his March 5, 2018 Memorandum Decision. Capitol Park now asks the Court to dismiss the appeal, arguing that the notice of appeal was filed too late and that Ms. Riley's failure to timely file the notice of appeal is fatal because the timely filing of a notice of appeal from decisions of the Bankruptcy Court is a jurisdictional predicate for appellate review. The Court agrees.

## II. ANALYSIS

Under 28 U.S.C. § 158(a), the federal district courts have jurisdiction to hear appeals from final judgments, orders and decrees, and certain other orders entered in cases and proceedings from the Bankruptcy Court. See also, e.g., McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); In re Computer Learning Center, Inc., 407 F.3d 656, 660 (4th Cir. 2005). The statute further provides that bankruptcy appeals to federal district courts "shall be taken in the same manner as appeals in civil proceedings generally [to courts of appeals] . . . and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Under Rule 8002(d)(1)(B), however, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed . . . within 21 days after" what would otherwise be

the deadline, but only if the would-be appellant "shows excusable neglect." FED. R. BANKR. P. 8002(d)(1)(B). Thus, in the case of excusable neglect, an extension of time must be sought by a motion filed within no more than thirty-five days after entry of the order from which a party seeks to appeal. See In re Allen, No. 16-00023, 2018 WL 2093327, at *1 (Bankr. D.D.C. May 1, 2018). Rule 8002(d)(1) does not allow a party to claim excusable neglect after this time period has expired. See id. (no extension based on excusable neglect is permitted if appellant never sought an extension of time within the deadline). And Rule 8002 is "strictly construed and requires strict compliance." Dimeff v. Good (In re Good), 281 B.R. 689, 694 (B.A.P. 10th Cir. 2002) (internal citations omitted).

There appears to be but one exception to the time limit of Rule 8002. An appellant may toll the time limits in Rule 8002 by filing one of four motions within fourteen days after the judgment from the Bankruptcy Court is entered: (1) a motion to amend or make additional findings pursuant to Bankruptcy Rule 7052; (2) a motion to alter or amend the judgment under Bankruptcy Rule 9023; (3) a motion for new trial under Bankruptcy Rule 9023; or (4) a motion for relief under Bankruptcy Rule 9024. See FED. R. BANKR. P. 8002(b)(1).

In this case, it is undisputed that Ms. Riley did not request an extension of time to file a notice of appeal under Bankruptcy Rule 8002(d)(1) within fourteen days after the Bankruptcy Court entered its February 20, 2018 order granting summary judgment. Ms. Riley nevertheless would have been permitted to request an extension within twenty-one days after that time, but in that case, she would be required to show excusable neglect. See FED. R. BANKR. P. 8002(d)(1)(B). But Ms. Riley never filed a motion seeking an extension of time to file a notice of appeal. Nor did she file a motion under Rule 8002(b)(1) that would have tolled the time limits of Rule 8002 for any of the enumerated reasons.

7

Ms. Riley attempts to get around these failings by arguing that Judge Teel's February 20, 2018 summary judgment order was not an appealable order because summary judgment was not in fact granted by that order; according to her, it was not granted until March 5, 2018. She asserts that the Bankruptcy Court "conduct[ed] further hearings on February 28, 2018 and March 2, 2018 to render a final resolution on the motion for summary judgment." Opp'n at para. 45. All three orders therefore are before this Court, she maintains, because there was no final order until the Bankruptcy Court issued its March 5, 2018 Memorandum Decision [Bankr. Ct. Dkt. No. 204], "concluding and granting Summary Judgment for the Appellee." Opp'n at para. 54. In her view, the February 20, 2018 order "did not end the merits of the litigation and required the [Bankruptcy] Court to conduct further hearings on February 28, 2018 and March 2, 2018." See id. at para 57. Since her notice of appeal was filed on March 16, 2018 – within fourteen days of both the March 2, 2018 clarifying order and the March 5, 2018 Memorandum Decision – she argues that her notice of appeal was timely filed with respect to all three of Judge Teel's decisions. The Court disagrees.

The language of Judge Teel's order of February 20, 2018 [Bankr. Ct. Dkt. No. 193] and his accompanying opinion [Bankr. Ct. Dkt. No. 192] make it abundantly clear that he granted summary judgment to Capitol Park on February 20, 2018 – not on some later date – and that he ordered immediate payment to Capitol Park. It was a final order on the merits, which was immediately appealable. And he explicitly stated that his order "is not stayed." See Bankr. Ct. Dkt. No. 193 at 2. Given this clear statement, it is apparent that subsequent proceedings and the March 2 and March 5 decisions did not affect the grant of summary judgment. The subsequent proceedings were only intended to permit Capitol Park the opportunity to offer evidence concerning a possible alternative basis to support the Bankruptcy Court's already-entered

summary judgment decision.  See Bankr. Ct. Dkt. No. 203.  The statements in Judge Teel's March 2, 2018 order make clear that his order of February 20, 2018 disposed of all the issues in the case and ended the litigation on the merits between the parties.  Indeed, the caption of that order is "ORDER CLARIFYING THAT ORDER GRANTING MOTION OF CAPITOL PARK II CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING PAYMENT TO THAT ENTITY IS NOT STAYED."  See Bankr. Ct. Dkt. No 203 (capitalization in original).  And the text of the order makes clear that any additional findings that Judge Teel might make would not affect the finality of his summary judgment order.  See id. at 2.  As for the March 5, 2018 Memorandum Decision, it simply provided findings of fact and conclusions of law respecting an additional and alternative basis for the judgment that Judge Teel already had entered.

Because the February 20, 2018 summary judgment order [Bankr. Ct. Dkt No. 193] is the operative substantive order on the merits, Ms. Riley's failure to file a notice of appeal until March 16, 2018 is fatal to her appeal.  The Supreme Court – and every other court to have considered the matter – has held that an appeal within the prescribed time set forth in Rule 8002 is a "mandatory and jurisdictional" requirement.  See Owens v. Grigsby, 575 B.R. 1, 3 (D.D.C. 2017) (citing Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 264 (1978)); see also Akers v. Beal Bank, 2018 U.S. Dist. LEXIS 15442, at *3 (D.D.C. Jan. 31, 2018) (citing Bowles v. Russell, 551 U.S. 205, 209 (2007) and collecting cases); The English-Speaking Union v. Johnson, 2002 U.S. Dist. LEXIS 27054, at *6 (D.D.C. Aug. 27, 2002); In re Murphy, 547 B.R. 875, 880 (Bankr. W.D. Pa. 2016) ("The time to file a bankruptcy appeal is jurisdictional thus

depriving reviewing courts of jurisdiction over an untimely appeal."). It follows that this Court lacks jurisdiction to consider Ms. Riley's appeal. Her appeal therefore must be dismissed.[4]

For the foregoing reasons, it is hereby

ORDERED that the motion [Dkt. No. 3] of appellee Capitol Park II Condominium Association, Inc. to dismiss the appeal from the Bankruptcy Court for lack of jurisdiction is GRANTED; and it is

FURTHER ORDERED that the appeal filed by appellant Lorraine Debra Riley is DISMISSED. The case shall be removed from the docket of this Court.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 29, 2019

---

[4] It might possibly be argued that, even though the notice of appeal is untimely as to the substantive summary judgment order of February 20, 2018, and that the "clarifying" order of March 2, 2018 by its terms adds nothing substantive, Judge Teel's March 5, 2018 Memorandum Decision should be considered by this Court since the notice of appeal was filed within fourteen days of that date. Cf. Owens v. Griggsby, 575 B.R. at 3. There are two reasons why this is not so, however. First, substantively, unless this Court were to reverse Judge Teel's summary judgment order, finding his findings and conclusions of law unsupportable on de novo review, there would be no basis to consider the alternative and secondary rationale for that decision as set forth in his March 5, 2018 Memorandum Decision. But this Court will never reach the merits of the February 20, 2018 decision because it does not have jurisdiction. Second, the March 5, 2018 Memorandum Decision is not an appealable order. Indeed, it is not an order at all. It is captioned "Memorandum Decision," not "order," or "judgment." It is an alternative explanation for an earlier decision embodied in a final order granting summary judgment. For it to be an appealable order, it would have to be a separate document labeled as an order or judgment as required by Rule 58(a) of the Federal Rules of Civil Procedure. See FED. R. BANKR. P. 8002(a)(5)(A). Judge Teel's March 5, 2018 Memorandum Decision does not qualify.

10